UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MICHELLE ROBINSON a/k/a Michelle Bryson,

                              Plaintiff,                      3:24-cv-994 (BKS/MJK)

v.

GUDARIDAN LIFE INSURANCE COMPANY GROUP
LONG TERM DISABILITY CLAIM,

                              Defendant.
_____

**Appearances:**

*Plaintiff pro se:*
Michelle Robinson
Conklin, NY 13748

*For Defendant:*
Brooks R. Magratten
Matthew R. O'Connor
Pierce Atwood LLP
One Citizens Plaza, 10th Floor
Providence, RI 02903

Michele E. Kenney
Pierce Atwood LLP
One New Hampshire Avenue, Suite 350
Portsmouth, NH 03801

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff Michelle Robinson, proceeding *pro se*, filed this action against Defendant "Guardian Life Insurance Company Group Long Term Disability Claim"[1] in the Supreme Court

---

[1] In their notice of removal, Defendant referred to itself as "The Guardian Life Insurance Company of America." (Dkt. No. 1, at 1). The Clerk of Court is directed to amend the caption accordingly.

of the State of New York, County of Broome, for denial of her claim for long-term disability benefits. (Dkt. Nos. 1-1, 2). Defendant removed the case to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1446 on the grounds that Plaintiff's claim arises under Section 502(a)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1). (Dkt. No. 1). Presently before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 18). The motion is fully briefed. (Dkt. Nos. 19, 22, 23). For the following reasons, Defendant's motion is granted.

## II.   FACTS[2]

Plaintiff is insured under "Group Plan #00464242 [(the "Plan")] through Guardian Life." (Dkt. No. 2, at 1). She alleges that she suffers from a number of medical conditions that cause her pain including: "cervical paraspinal muscle spasm, peripheral neuropathy, arthritis, low back pain, lumbar radiculopathy, lumbar spinal stenosis, degenerative disc disease, [and] trouble sleeping." (*Id.* at 2). She also alleges that "[o]n July 7, 2021, Guardian Life denied [her] long term disability claim." (*Id.*). Defendant recommended on July 5, 2024, that Plaintiff "consult with an attorney" and that her "next step is to file a civil suit against Guardian and the deadline is July 7, 2024." (*Id.* at 1–2). Plaintiff filed her complaint on July 9, 2024. (Dkt. No. 1-1, at 2; Dkt. No. 2, at 4).

## III.   STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell*

---

[2] The facts are drawn from the Plaintiff's complaint. (Dkt. No. 2). The Court assumes the truth of and draws all reasonable inferences from the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient; rather, a plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *E.E.O.C. v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[W]here, as here, a plaintiff is proceeding *pro se,* the complaint must be considered under a more lenient standard than that accorded 'formal pleadings drafted by lawyers.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 313 (E.D.N.Y. 2015) (citation omitted). A *pro se* Plaintiff's complaint is to be liberally construed "to raise the strongest arguments that it suggests." *Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80 (2d Cir. 2020) (citation omitted). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

## IV.   DISCUSSION

### A.   Materials Outside the Complaint

Defendant asks the Court to consider two documents outside of the complaint. The first, which is titled "Certificate of Coverage," describes the long term disability income coverage provided by Defendant for Group Policy Number 00464242, effective February 1, 2015. (*See* Dkt. No. 19-2). The second is a letter dated July 7, 2021, upholding the denial of her claim for long term disability benefits. (Dkt. No. 19-3). Defendant argues that it is proper to consider these

documents in evaluating the motion to dismiss "because they were both explicitly referenced in Plaintiff's Complaint and therefore incorporated therein." (Dkt. No. 19, at 6).

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself," *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006), and "documents attached to the complaint as exhibits," *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). However, considering "materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion." *Faulkner*, 463 F.3d at 134 (collecting cases). "A complaint 'is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (quoting *Chambers*, 282 F.3d at 152). "A document is incorporated by reference if the complaint makes, 'a clear, definite and substantial reference to the document[].'" *Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 608 (E.D.N.Y. 2017) (quoting *McLennon v. City of New York*, 171 F. Supp. 3d 69, 88 (E.D.N.Y. 2016)). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Nicosia*, 834 F.3d at 230 (quoting *DiFolco*, 622 F.3d at 111). "[E]ven if a document is 'integral,' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document" and "[i]t must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Faulkner*, 463 F.3d at 134 (citation omitted). "[I]f material is not integral to or otherwise incorporated in the complaint, it may not be considered unless the motion to dismiss is converted to a motion for summary judgment and all parties are

4

'given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Nicosia*, 834 F.3d at 231 (quoting Fed. R. Civ. P. 12(d)).

With respect to the first document, the Certificate of Coverage, Plaintiff references the group plan number but does not refer to the Plan's terms or the Certificate itself. (Dkt. No. 2, at 1). The Certificate of Coverage, however, describes group long term disability income coverage for the group plan identified by Plaintiff, and Plaintiff does not dispute that this contains the applicable coverage. In her response to the motion to dismiss she cites to the Certificate of Coverage, explaining that she was insured by the plan because she was employed by the policyholder, GHS Federal Credit Union, and that she "met the criteria for eligibility for disability of the plan." (Dkt. No. 22, at 2). Nor does Plaintiff dispute the plan's three-year limitation: Plaintiff acknowledges that her complaint was late "by two days due to the holiday." (*Id.* at 3). Because Plaintiff's complaint is founded on the denial of her long term disability claim, and there is no material factual dispute regarding the relevance of the Certificate of Coverage, the Court finds that it is integral to the complaint and the Court may consider it.[3] *See DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 545 n.22 (E.D.N.Y. 2011) ("Although the Court typically may not look beyond the complaint in ruling on a motion to dismiss, the Court may consider the plan documentation submitted by defendants here, because the plaintiffs' claims are based upon the ERISA plans and the plan documents plainly are integral to plaintiffs' complaint.")

With respect to the second document, the denial letter, Plaintiff states that her claim was denied on July 7, 2021, but she does not reference the letter or its receipt. (*See* Dkt. No. 2, at 2).

---

[3] There is no indication that the Certificate of Coverage, which provides an effective date of February 1, 2015, (Dkt. No. 19-2, at 2), was not in effect for Plaintiff's disability claim "from April 2020," (Dkt. No. 2, at 4). To the extent that Plaintiff believes there is any issue, she may raise it in an amended complaint.

5

Accordingly, the denial letter cannot be incorporated by reference. Plaintiff also does not rely upon the denial letter's terms and effect in her complaint, and thus, it cannot be considered integral to the complaint. *See, e.g.*, *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, 705 F. Supp. 3d 194, 200 (S.D.N.Y. 2023). The Court will therefore not consider the denial letter on this motion to dismiss.

### B.    Statute of Limitations

Defendant argues that Plaintiff's claim is time barred under the terms of the Plan. (Dkt. No. 19, at 5–7). Plaintiff acknowledges in her response that she "was over by two days due to the holiday weekend and government offices closed early on the third of July," (Dkt. No. 22, at 3), and states that "July 7, 2024 fell on a Sunday," (*id.* (citing *Lardo v. Bldg. Serv. 32BJ Pension Fund*, 20-cv-5047, 2021 WL 4198233, 2021 U.S. Dist. LEXIS 174547 (S.D.N.Y. Sept. 14, 2021))).

"A participant in an employee benefit plan covered by [ERISA] . . . may bring a civil action under § 502(a)(1)(B) to recover benefits due under the terms of the plan." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 102 (2013) (citing 29 U.S.C. § 1132(a)(1)(B)). This section does not "specify a statute of limitations for filing suit." *Id.* But "[a]bsent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Id.* at 105–06.

The Certificate of Coverage in its section on "Long Term Disability Claim Provisions" states that "[n]o legal action shall be brought against this Plan after three years from the date of the final benefit determination." (Dkt. No. 19-2, at 16). This time period is reasonable. *See Spillane v. N.Y.C. Dist. Council of Carpenters,* No. 23-247, 2024 WL 221816, at *2, 2024 U.S. App. LEXIS 1375, at *5 (2d Cir. Jan. 22, 2024) (summary order) ("A one-year limitations period

6

from the conclusion of internal review is reasonable and enforceable." (citing *Heimeshoff*, 571 U.S. at 109–10)).

Here, Plaintiff alleges in her complaint that her benefits claim was denied on July 7, 2021. (Dkt. No. 19-2, at 2). Under the terms of the Plan, Plaintiff was therefore required to file an action based on the denial by July 7, 2024, but failed to do so. Accordingly, as she has not alleged facts in her complaint to plausibly plead equitable tolling, Plaintiff's complaint must be dismissed at this time. *See Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) ("When a plaintiff relies on a theory of equitable estoppel to save a claim that otherwise appears untimely on its face, the plaintiff must specifically plead facts that make entitlement to estoppel plausible (not merely possible).").

However, given Plaintiff's *pro se* status, and her statement in her response that she "was corresponding with Guardian Life up until July 3, 2024," (Dkt. No. 22, at 2), the Court grants her leave to amend her complaint to give her an opportunity to allege equitable tolling. "Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." *Guo v. IBM 401(K) Plus Plan*, 95 F. Supp. 3d 512, 521 (S.D.N.Y. 2015) (quoting *Veltri, v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004)). "As a general matter, a litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his [or her] way and prevented timely filing.'" *Id.* (quoting *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010)).

V.   **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss, (Dkt. No. 18), is **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint, (Dkt. No. 2), is **DISMISSED without prejudice** and with leave to amend; and it is further

**ORDERED** that any amended complaint must be filed within thirty days of the date of this decision; and it is further

**ORDERED** that if no amended complaint is filed within thirty days of the date of this decision the Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: April 24, 2025
Syracuse, New York

*/s/ Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge